No. 16-4457

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

DAMIEN HENRY THOMAS, a/k/a Boo Boo,

Appellant.

*Appeal from the United States District Court for the
District of Maryland, Southern Division
Honorable Paul W. Grimm, District Judge*

BRIEF OF APPELLEE
UNITED STATES OF AMERICA

**Rod J. Rosenstein**
**United States Attorney**

**Collin F. Delaney**
**Special Assistant United States Attorney**
**Jennifer R. Sykes**
**Assistant United States Attorney**
**6500 Cherrywood Lane, Suite 200**
**Greenbelt, Maryland 20770**
**(301) 344-4433**

**March 27, 2017**          *Attorneys for the Appellee*

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF THE ISSUES ...........................................................1

STATEMENT OF THE CASE ...............................................................1

SUMMARY OF ARGUMENT ..............................................................6

ARGUMENT .........................................................................................7

    I.   THE DISTRICT COURT CORRECTLY FOUND THERE WAS A
SUFFICIENT FACTUAL BASIS FOR THE DEFENDANT'S PLEA OF
GUILTY TO COUNT ONE. .................................................................7

        A.   Standard of Review ...................................................................7

        B.   The Record Reveals an Extensive Factual Basis Supporting the
Defendant's Plea to Count One ......................................................7

        C.   The Defendant Cannot Demonstrate Plain Error .....................15

    II.   THE REASONABLENESS OF THE DEFENDANT'S SENTENCE IS A
MOOT ISSUE, AS NO ERROR OCCURRED IN ACCEPTING HIS GUILTY
PLEA.   ADDITIONALLY, THE DEFENDANT WAIVED APPELLATE
REVIEW OF HIS SENTENCE..........................................................17

CONCLUSION ...................................................................................19

STATEMENT WITH RESPECT TO ORAL ARGUMENT ................20

ii

# TABLE OF AUTHORITIES

## CASES

*United States v. Adams*, 448 F.3d 492 (2d Cir. 2006) ..................................... 14, 15

*United States v. Attar*, 38 F.3d 727 (4th Cir. 1994)...................................................18

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005)...................................................18

*United States v. Carr*, 271 F.3d 172 (4th Cir. 2001) .................................................17

*United States v. D'Anjou*, 16 F.3d 604 (4th Cir. 1994) .................................... 11, 12

*United States v. Dixon*, 308 F.3d 229 (3d. Cir. 2002) ...........................................16

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) .......................................8

*United States v. Gilliam*, 987 F.2d 1009 (4th Cir. 1993)..........................................12

*United States v. Harrison*, 522 F.3d 336 (4th Cir. 2008) .......................................16

*United States v. Ketchum*, 550 F.3d 363 (4th Cir. 2008)........................................8, 9

*United States v. Massenburg*, 564 F.3d 337 (4th Cir. 2009) ..................................16

*United States v. Mastrapa*, 509 F.3d 652 (4th Cir. 2007) ....................... 7, 8, 13, 14

*United States v. Mitchell*, 104 F.3d 649 (4th Cir. 1997)...........................................8

*United States v. Olano*, 507 U.S. 725 (1993) .....................................................7, 8

*Puckett v. United States*, 556 U.S. 129 (2009) .......................................................8

*United States v. Spencer*, 519 F. App'x 188 (4th Cir. 2013) ...................................16

*United States v. Willis*, 992 F.2d 489 (4th Cir. 1993).............................................10

## RULES

Fed. R. Crim. P. 52(b) ..............................................................................................7

## STATEMENT OF JURISDICTION

The district court (Paul W. Grimm, J.) had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over the defendant's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.      Whether the district court committed plain error in accepting the defendant's guilty plea, where the record reveals a sufficient factual basis that meets all necessary elements for his conviction under 21 U.S.C. § 846.

II.     Whether the defendant's claim of an unreasonable sentence is both moot and waived.

## STATEMENT OF THE CASE

### A. Procedural History

The defendant was charged by Criminal Complaint in the United States District Court for the District of Maryland on July 9, 2014, with a single count of Felon in Possession of a Firearm, in violation 18 U.S.C. § 922(g)(1). JA 4. On November 5, 2014, a federal grand jury in the District of Maryland returned a two-count Indictment on November 5, 2014, charging the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841. JA 4-5.

1

On February 11, 2015, a federal grand jury returned a six-count Superseding Indictment on February 11, 2015, which charged the defendant with: Count One, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; Counts 2-5: Distribution of Controlled Substances, in violation of 21 U.S.C. § 841; and Count Six: Felon in Possession of a Firearm, in violation 18 U.S.C. § 922(g)(1).   JA 6.

Pursuant to a written plea agreement executed on April 8, 2016, the defendant pleaded guilty to Count One and Count Six of the Superseding Indictment.   JA 66-76.   Pursuant to his Rule 11(c)(1)(C) plea agreement with the government, the defendant stipulated and agreed that "a total sentence of 180 months (15 years) imprisonment is appropriate and reasonable under the factors enumerated in 18 U.S.C. § 3553, regardless of the applicable U.S.S.G. calculations and the applicable statutory mandatory minimum terms of imprisonment" and that this sentence as to Counts One and Six "is an appropriate disposition of the case." JA 66-73.   The defendant also waived all trial-related rights, including his rights to trial by jury and to confront and cross-examine witnesses, and "[t]he Defendant knowingly waive[d] all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction."   JA 66-73.

During the guilty plea hearing on April 8, 2016, the district court engaged in

2

a detailed colloquy with the defendant, as required by Fed. R. Crim. P. 11 and, among other things, discussed with the defendant the appeal waiver provisions of the plea agreement.   JA 30-38, 42-43 (transcript of Rule 11 hearing). Specifically, after the court reviewed the trial-related rights that the defendant waived by pleading guilty (JA 38), the court reviewed pages 6 and 7 (JA 71-72) of the plea agreement, which outlined the specific provisions of the waiver of his appellate rights, with the defendant.

Moreover, the court explained to the defendant that he could not withdraw his plea unless the court did not agree with the recommended sentence after reviewing the Presentence Report and that the government could withdraw from the plea if the defendant obstructed or violated a law pending sentencing.   JA 32, 43; JA 70, 72.   At the end of the Rule 11 hearing, the court also made the finding that the parties may not withdraw the guilty plea unless the court did not agree with the parties' recommended sentence as to Counts One and Six or if the defendant obstructed or violated the law pending sentencing.   JA 52-53.

Furthermore, the court had the government summarize the Statement of Facts that supported the guilty plea.   JA 45.   The government summarized the facts contained at Attachment A of the plea agreement.   JA 45-50; JA 74-76. After the government's summary of the facts, the court specifically engaged the

3

defendant about whether the government could prove those facts beyond a

reasonable doubt if this case went to trial, and the defendant answered in the

affirmative.   JA 50-51.   As part of the court's findings, the court noted

> for the record that Mr. Thomas has listened carefully
> throughout the proceedings and he has answered all the
> questions that I had asked of him and it is clear to me that
> he has paid close attention here today.   There is a factual
> basis to support each essential element of the two charges
> to which he is pleading guilty.

JA 52.

On July 14, 2016, the defendant was sentenced to a 180-month term of

incarceration (120 months as to Count One and 180 months as to Count Six to run

concurrently with Count One), to be followed by five years of supervised release

(Count One and Count Six to run concurrently).   JA 105-106 (copy of judgment

and commitment order).   During the sentencing hearing, the court reviewed the

Presentence Report prepared by the U.S. Probation Office and noted that the

defendant qualified as an armed career criminal under 18 U.S.C. § 924(e) and a

career offender under the United States Sentencing Guidelines; that the advisory

guidelines range for this case was 262 months to 327 months based a Criminal

History Category VI and an adjusted total offense level of 34; and that the

mandatory minimum term of imprisonment for Count One was 10 years and for

4

Count Six was 15 years.   JA 78-81; JA 194, 198, 205 (copy of the Presentence Investigation Report).

The final judgment was entered on July 19, 2016, and a timely notice of appeal was filed on July 21, 2016.   JA 104, 110.

**B.   Offense Conduct**

From approximately February 2014 until approximately May 2014, the defendant engaged in a conspiracy to distribute, and possess with the intent to distribute, 280 grams or more of cocaine base ("crack") and 500 grams or more of cocaine.   JA 74.   During this conspiracy, the defendant purchased cocaine base from various suppliers and then resold it.   JA 74.

A confidential informant ("CI"), working at the direction of law enforcement, conducted multiple controlled purchases of cocaine base from the defendant.   JA 74.   Law enforcement actively monitored these controlled purchases.   JA 74.   During one such controlled purchase on February 28, 2014, the defendant sold the CI approximately 11 grams of cocaine base while indicating he possessed a significantly greater quantity of controlled substances that could be distributed.   JA 74.

During another controlled purchase, on March 7, 2014, the defendant and the CI met with the defendant's supplier of controlled substances, a coconspirator

in the defendant's drug distribution network ("coconspirator").   JA 74.   During

this controlled purchase, the defendant sold the CI approximately 27.5 grams of

cocaine base following a one-on-one meeting between the defendant and his

coconspirator.   JA 74.

Another controlled purchase occurred on or about March 20, 2014.   While

the CI and the defendant negotiated the price of the cocaine base, the defendant

contacted his coconspirator to confirm the appropriate price.   JA 75.   Ultimately,

the CI purchased 13.4 grams of cocaine base from the defendant.   JA 75.

During a traffic stop on May 8, 2014, law enforcement observed the

defendant drop a baggie containing individual bags of cocaine base as the

defendant stepped out of his vehicle.   JA 75.

On or about June 4, 2014, law enforcement executed a search warrant of the

defendant's residence.   JA 75.   During that search, law enforcement recovered a

.38 caliber revolver, which the defendant was not permitted to possess due to a

previous felony conviction.   JA 75-76.

## SUMMARY OF ARGUMENT

I.      The district court did not commit plain error in finding a sufficient

factual basis existed to support the defendant's guilty plea to Count One.   The

record contains a more than sufficient factual predicate to support that the total

amounts of cocaine and cocaine base in Count One were known to the defendant, or at the very least, reasonably foreseeable to him.

II.      As no error occurred in respect to Count One, the defendant's claim regarding his sentence is moot.   Additionally, the defendant waived his right to appeal his sentence.

**ARGUMENT**

**I.      THE DISTRICT COURT CORRECTLY FOUND THERE WAS A SUFFICIENT FACTUAL BASIS FOR THE DEFENDANT'S PLEA OF GUILTY TO COUNT ONE.**

**A.   Standard of Review**

Issues raised for the first time on appeal are reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). Because the defendant did not seek to withdraw his guilty plea in the district court, this Court reviews his argument attacking his guilty plea under the plain error standard.   *United States v. Mastrapa*, 509 F.3d 652, 657 (4th Cir. 2007).

**B.  The Record Reveals an Extensive Factual Basis Supporting the Defendant's Plea to Count One**

While the defendant does not expressly request a specific form of relief, it appears his position is that his guilty plea to Count One must be vacated and

7

remanded for further proceedings because the district court failed to establish a factual basis for that plea.   Brief at 7-13.

This Court's review is for plain error.   *Mastrapa*, 509 F.3d at 657.   To succeed on his claim, the defendant must demonstrate that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.   *Olano*, 507 U.S. at 732-34.   Even when these conditions are satisfied, the Court may exercise its discretion to notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks and alteration omitted).   "Meeting all four prongs [of this test] is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).   Here, the defendant cannot show error, much less error that is plain.

A district court must "determine whether a factual basis exists before entering judgment on a guilty plea."   *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008).   In determining the existence of a factual basis for a guilty plea, "the district court 'possesses wide discretion,' and it 'need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense.'"   *Ketchum*, 550 F.3d at 366 (quoting *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997)).   "[T]he

8

district court may conclude that a factual basis exists from anything that appears on the record." *Ketchum*, 550 F.3d at 366-67 (citation and quotation marks omitted).

In the instant matter, there was a factual basis for the defendant's guilty plea. The superseding indictment identified the elements of the two counts to which the defendant pled guilty (JA 11-18), which were also addressed in the plea agreement. JA 67.   In relevant part:

> (1) an agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute 280 grams or more of a mixture or substance containing cocaine base (a Schedule II controlled substance) and 500 grams or more of cocaine (a Schedule II controlled substance); and,
>
> (2) the Defendant knowingly and willfully became a member of that conspiracy.

JA 67.

At his Rule 11 hearing, the defendant assured the court that he had read and reviewed his written plea agreement with counsel, that counsel had explained the agreement to him, and that the defendant did not have any questions.   JA 22. The court then instructed the defendant with respect to the elements of both counts.   JA 23-24.

Later in the Rule 11 proceeding, the defendant informed the court that he had read and understood the Statement of Facts contained in his plea agreement

9

and that he also opportunity to consult with his counsel on this issue.   JA 44-45.

The court then instructed government counsel to read the defendant the Statement of Facts.   JA 46-50.   Once the government completed its summary of the facts, defendant agreed that the government could provide those facts beyond a reasonable doubt if his case went to trial.   JA at 50-51.   Based on this record, the district court properly found that the plea was supported by a factual basis. JA at 53.

The defendant does not claim that his plea was not knowing and voluntary, nor could he make such a claim inasmuch as, in addition to acknowledging the elements of the offenses to which he was pleading guilty, Defendant acknowledged:   (1) his constitutional rights; (2) the rights associated with a jury trial; (3) the nature of the charges against him and the penalties; (4) and the rights, waiver, and consequences associated with his guilty plea.   JA 32-38.   Moreover, the defendant acknowledged that he was guilty of Count One.   JA 51.   His plea was an admission of all of the essential elements of each offense.   "A voluntary and intelligent plea of guilty is an admission of all elements of a formal charge, and constitutes an admission of all material facts alleged in the charge." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted).   The district court found the defendant's plea to be voluntary

10

and that he understood his right to trial and the maximum penalties provided by law.   JA 52-53.   Most importantly to this analysis, the district court expressly found that the plea was supported by a sufficient factual basis.   JA 53.

The defendant argues that the factual basis for his plea was insufficient because "Thomas' guilty plea to conspiracy to distribute cocaine and cocaine base was not supported by a sufficient factual basis that Thomas knew or could reasonably foresee the conspiratorial conduct."   Brief at 8.   At the heart of the defendant's argument is the delta between the amount of cocaine base sold via controlled buys to the CI by the defendant (approximately 51.9 grams of cocaine base, JA 74-75) and the total amount of cocaine and cocaine base charged in Count One.   Brief at 12-13.

This argument appears fail to account for the fact that, in a conspiracy, conspirators are not liable only the criminal conduct they personally carry out, but also the reasonably foreseeable conduct of their coconspirators in furtherance of that conspiracy.   *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994).   The record in this matter makes it clear the defendant knew, or could have reasonably foreseen, the total charged quantity of cocaine and cocaine base as being within the scope of the conspiracy.   Indeed, in the Statement of Facts, to which the defendant agreed, he admitted that "at least 280 grams but less than 840 grams of cocaine

11

base and at least 500 grams but less than two kilograms of cocaine . . . were reasonably foreseeable and within the scope of THOMAS's participation in the conspiracy." JA 74. This admission should be dispositive of this argument on appeal.

Moreover, while selling CI a quantity of cocaine base, the defendant made statements to the CI that he just sold a large quantity of narcotics ("Yesterday I sold, like, half a brick") and that the CI could "get in" with the defendant. JA 74. Additionally, the defendant actively coordinated the distribution of cocaine base with his coconspirator, both to obtain cocaine base for sale and to confirm the price of sale. JA 74-75. Further, after being pulled over by law enforcement, the defendant was found with multiple baggies of cocaine base. JA 75. Finally, the defendant admitted to purchasing cocaine from "various suppliers," indicating an ability to obtain a large amount from various sources. JA 74.

In a conspiracy, "the defendant should be held accountable for the conduct of others that was both in furtherance of the conspiracy and reasonably foreseeable [to him] in connection with the conspiracy." *D'Anjou*, 16 F.3d at 614; *see also United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993). It is clear from the record that the defendant, by and through the conspiracy, was involved in the distribution of narcotics far beyond the quantities of cocaine base he personally

12

sold to the CI.   The defendant was an essential part of an ongoing drug distribution operation, not some isolated point of contact for a few discrete sales. The quantity of cocaine base sold by the defendant through the controlled purchases was a mere fraction of the total quantity of narcotics that were part of the overall conspiracy.   The total amounts of cocaine and cocaine base reflected in Count One were known to the defendant, or the very least, reasonably foreseeable to him.

This conclusion is reinforced by the defendant himself – he expressly agreed that with the Statement of Facts that established the charged volumes of cocaine and cocaine base were "reasonably foreseeable and within the scope of [the defendant's] participation in the conspiracy" and that the government could prove that fact beyond a reasonable doubt.   JA 49-51.   The defendant's assertions to the contrary, presented for the first time on appeal, are wholly without merit.

The defendant cites *Mastrapa* in support of his argument.   Brief at 10. Dispositive to *Mastrapa*'s holding was that despite the defendant's decision to plead, he steadfastly refused to admit that he had knowledge of the underlying drug distribution conspiracy.   509 F.3d at 656.   The record did not reveal any evidence that the defendant had the required knowledge of the conspiracy or that he

knowingly and voluntarily participated in the conspiracy - the defendant's plea
became a de-facto *Alford* plea. *Id*. at 657-59.

*Mastrapa* is readily distinguishable from the instant facts. Unlike
*Mastrapa*, the defendant has admitted to all of the required elements of Count One,
both in open court and in writing. Unlike *Mastrapa*, the defendant referenced his
guilt in his allocution during sentencing. *Id*., at 660; JA 88. Unlike *Mastrapa*,
the defendant only took issue about the underlying factual basis of his plea for the
first time on appeal, after enjoying the benefit of his plea agreement. 509 F.3d at
659 (noting that it was "telling" that the defendant consistently maintained that he
lacked the requisite *mens rea* during both the Rule 11 and sentencing hearings).

In *Mastrapa*, the defendant carried a grocery bag, never knowing that the
bag contained contraband. *Id*. at 655-56. The defendant in the instant matter,
meanwhile, routinely conspired to acquire and sell cocaine and cocaine base. He
sold cocaine base to a CI on multiple occasions, while also bragging about selling
larger quantities. He coordinated with his coconspirator to obtain drugs for
distribution and to set the prices for those drugs. He carried multiple distribution-
ready baggies of cocaine base in his pocket. The defendant is no *Mastrapa*.

The defendant's reliance on *United States v. Adams*, 448 F.3d 492 (2d Cir.
2006), is similarly misplaced. Brief at 11. *Adams* involved a defendant that

14

agreed to transport a quantity of marijuana that later turned out to be a quantity of cocaine, unbeknownst to the defendant. *Adams*, 448 F.3d. at 495-97. The defendant was charged with, and attempted to plea to, a cocaine distribution conspiracy. However, the facts presented in his Rule 11 hearing dealt exclusively with marijuana. *Id*. It was under these highly fact-dependent circumstances that the defendant's plea was found to be improvident. There is no such issue in the instant matter. Here, defendant was involved in a conspiracy that distributed cocaine and cocaine base, and he was charged accordingly. The defendant then pled to that conspiracy, and admitted to a Statement of Facts that supported the charged controlled substances. *Adams* is wholly inapposite.

Examining the entirety of the record, it is clear that a sufficient factual basis existed for the district court when it accepted the defendant's plea to Count One. The Rule 11 colloquy and the plea agreement's statement of facts provide overwhelming evidence that the charged quantities of cocaine and cocaine base were reasonably foreseeable and within the scope of the defendant's participation in the conspiracy. Therefore, district court did not err in accepting the defendant's plea.

## C.  The Defendant Cannot Demonstrate Plain Error

Even assuming for the sake of argument that there was an insufficient

factual basis for the defendant's plea, the defendant's still fails to demonstrate plain error because he has not shown that the error affected his substantial rights. "In the guilty plea context, a defendant meets this burden by showing that, but for the error, he would not have entered his guilty plea."  *United States v. Spencer*, 519 Fed. Appx. 188, 189 (4th Cir. 2013) (unpublished) (citing *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009)).

There are no statements from the defendant in the instant matter that he would not have pleaded guilty had the district court questioned the factual basis of his plea to Count One.  *See United States v. Harrison*, 522 F.3d 336, 342 (4th Cir. 2008); *United States v. Dixon*, 308 F.3d 229, 235 (3rd Cir. 2002) (declining to notice plain error in a case where "[defendant] never clearly and unmistakably asserted that had he been correctly informed of the sentence he faced, he would, in fact, have pled not guilty and gone to trial").   Additionally, the fact that the defendant never moved to withdraw his guilty plea further cuts against any claim of plain error.  *Massenburg*, 564 F.3d at 343-44.

Accordingly, the defendant has not, and cannot, meet his burden.   Because the defendant has not shown that his substantial rights were affected, he has failed to establish plain error, and the judgment of the district court should be affirmed.

16

## II.    THE REASONABLENESS OF THE DEFENDANT'S SENTENCE IS A MOOT ISSUE, AS NO ERROR OCCURRED IN ACCEPTING HIS GUILTY PLEA.   ADDITIONALLY, THE DEFENDANT WAIVED APPELLATE REVIEW OF HIS SENTENCE.

Should this Court find that that the district court did not commit plain error in respect to Issue I, Issue II is moot.[1]   The defendant's argument rests entirely on the presumption that *if* Count One is vacated, an unreasonable sentence issue may exist.   Brief at 16.   As error did not occur, the defendant is not entitled to any relief in respect to Issue I; thus, there can be no basis for relief in Issue II.

Additionally, the defendant waived any appellate review of his sentence. JA at 71-72.   While this Court denied the Government's Motion to Dismiss (ECF 23) based on appellate waiver, this Court appears to have limited that denial exclusively to Issue I:   "We conclude that an appellate waiver cannot bar a claim that a plea's factual basis was insufficient to support the guilty plea."   ECF No. 33 at 2.   The Government maintains that the appellate waiver is enforceable in respect to the defendant's sentence.

In his plea agreement, the defendant expressly waived any right to appeal his

---

[1]   In the alternative, should this Court find that the district court committed plain error in accepting the defendant's plea due to an insufficient factual basis, the appropriate remedy is to vacate the defendant's judgment of conviction on Count One, and remand for further Rule 11 proceedings.   *See United States v. Carr*, 271 F.3d 172, 181 (4th Cir. 2001).

17

sentence if the district court imposed the jointly recommended sentence of 180 months, pursuant to Fed. R. Crim. P. 11(c)(1)(C).   JA 70.   The district court adopted the recommended sentence, thus eliminating any grounds for the appeal. JA 92.

With narrow exceptions not relevant here, a defendant's waiver of his right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made.   *See United States v. Blick*, 408 F.3d 162, 168-71 (4th Cir. 2005); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994).

At the defendant's Rule 11 hearing, the district court reviewed all salient aspects of the defendants' plea agreements and specifically drew the parties' attention to the waiver provision.   *See Blick*, 408 F.3d at 169.   On the record, the defendant acknowledged that he was entering into the waiver provision voluntarily. JA 30-38.   Also, the defendant was represented by competent counsel at the time that they negotiated the plea agreements and at the time they entered the guilty pleas.   JA 73; *see Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea).   In short, the waiver provision of the plea agreement was exactly the type of knowing waiver that this Court views as "valid and enforceable."   *Attar*, 38 F.3d at 732.

Accordingly, the defendant has waived appellate review of his properly

18

imposed sentence and this issue should not be entertained.

## CONCLUSION

For the reasons stated, this Court should affirm the defendant's conviction

and sentence.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Collin F. Delaney
Special Assistant United States Attorney

Jennifer R. Sykes
Assistant United States Attorney

March 27, 2017

19

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case.   The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

# CERTIFICATE OF COMPLIANCE

1.      This brief has been prepared using:

**Microsoft Word, Times New Roman, 14 Point**

2..     EXCLUSIVE of the corporate disclosure statement; table of contents; table

of citations; statement with respect to oral argument; any addendum

containing statutes, rules, or regulations, and the certificate of service, the

brief contains 4,103 words;

I understand that a material misrepresentation can result in the Court's

striking the brief and imposing sanctions.    If the Court so directs, I will provide an

electronic version of the brief and/or a copy of the word or line print-out.


_____/s/_____
Collin F. Delaney
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2017, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF System, which will send

notice of such filing to the following registered CM/ECF user:

>Allen H. Orenberg
>Orenberg Law Firm, PC
>11200 Rockville Pike, Suite 405
>North Bethesda, Maryland 20852

_____/s/_____
Collin F. Delaney
Special Assistant United States Attorney